Moore, on his way to         spoke in a three part audio take on this heartbreaking event. Go ahead. Thank you, Your Honor. May it please the court. My name is Daniel Blank and I represent Mr. Charles Thomas in the appeal. I'd like to reserve two minutes for rebuttal. Your honors, Mr. Thomas is not challenging the validity of his guilty plea, rather that the district court erred at sentencing under Rule 32 by failing to resolve a material disputed fact before sentencing Mr. Thomas. Specifically, Mr. Thomas raised a timely objection to the quantity of drugs that was involved in the case. And that was asserted in the pre-sentence report. And of course, quantity of drugs is what drives the sentencing guidelines in such cases. It was not clear from the PSR or from the discovery provided to the defense whether the asserted quantity of drugs was net or gross and that it may have improperly included the weight of the packaging that shouldn't be taken into account at sentencing. And Mr. Thomas himself had no personal knowledge of the weight of the drugs. And the facts of this case, Mr. Thomas was literally left holding the bag. He was given a bag of drugs to run with, and he did not know the quantity inside. But rather than making a factual finding. When he pled guilty, did he plead to the facts that are stipulated in the indictment? He pleaded to the indictment, but he did not agree with the factual basis that was proffered by the government. The district court specifically asked him, do you disagree with anything that the government attorney has just said? And he said, yes, I do. He said, what she said is true, but I just don't know how much drugs was involved. So this was an issue that was directly before the district court that he was not agreeing with the factual proper of the government counsel. Should the judge have refused to take the plea? Under Valencia, which this court issued after that, the court could have done that. Of course, the court didn't have the benefit of Valencia at the time. And the court did not refuse to accept the plea. And neither party is challenging the plea at this time. So the question is now, where do we go from here? And I think in that posture, it's a fairly straight up Rule 32 question. It was error for the judge to sentence Mr. Thomas based merely upon the face of the indictment. And if that were not error, then this Valencia would be wrong. Valencia now says you have to get that in the plea colloquy and Valencia would be meaningless. You wouldn't need it in the plea colloquy if it were enough to look at the face of the indictment. Well, Valencia doesn't say you need to get that in the plea colloquy in all cases, does it? Well, I think Valencia is not exactly clear of when it is required. And of course, Your Honor would know that a lot better than I would. But it appears that it said that the. What, that it's not clear? What was intended, Your Honor? No, I'm sure that my understanding is what's only the limiting factor. But it appeared to me from reading Valencia that what was said is that either it had to be in the colloquy or there needed to be a stipulation among the attorneys. But wasn't Valencia a situation where it affected the range of sentencing available? I believe it was. And that's the same in this case as well. It affected two things. The guideline level, whether it's below or above 50 grams of crack cocaine net and also the mandatory minimum. So it is something that did affect the sentencing range in this case. And, you know, packaging can be up to a third of the amount. And it's really not clear from the discovery from the pre-sentence report whether it was net or gross. Because there was no admission during the plea itself and because there was no stipulation among the attorneys, the district court erred by refusing to resolve the dispute that I timely raised not only in my objections to the PSR, but again, in a sentencing memorandum. So under Rule 32, then, which this court requires strict compliance, the matter should be remanded to the district court for resentencing. And the only thing tricky about this case is then what should happen on remand. You know, this court is held in Buckland and then later subsequent to that, that the issue of quantity of drugs must be determined by a jury under a standard of proof beyond a reasonable doubt. Now, it's an unusual situation where you'd have a sentencing jury. Typically, that only comes up, say, in capital cases. But Henry, the case decided in the Third Circuit, said in such cases as this, that would be appropriate. That you could actually convene a sentencing jury after a guilty plea where the amount of the drugs was not determined at the time of the plea. And in fact, that will be required under Apprendi and under this court's decision in Buckland. Now, that's really the only connection between Apprendi and this. But Buckland has been later, my request is, later limited only to those cases, again, where quantity would increase the maximum statutory sentence, right? And that is this case, Your Honor. It's true here, is it? No, it is indeed the case here. If it's 50 grams or more, then it's 10 to life. And if it's less than 50 grams, it's 5 to 40. So it absolutely does affect the statutory maximum. Now, the government is invoking Apprendi. And I suppose, from your standpoint, the most important thing is that there's a mandatory minimum there with regard to if it's over 50. That is very important, Your Honor. Of course, it is also important for the guideline level itself. So both of those things are important. But Apprendi doesn't apply to minimums, right? That's correct, under Harris, which was not a majority opinion. But that's the best that we have to go on. But my claim of error is not under Apprendi. My claim of error is under Rule 32. Apprendi only comes into play when we remand. Now, the government wants to bring Apprendi into play at the plea stage. Apprendi, of course, as the Court well knows, is a shield. Under the Due Process Clause, meant to protect defendants, the government wants to use it as a sword to say, well, you've waived your right to litigate any sentencing issues because under Apprendi and Buckland, this fact had to be alleged in the indictment. Well, this Court and no other court has ever said that Apprendi and Buckland could be used in such a way. And the reference by the district court and by the government to Benson is also misguided. The Benson case said that a plea admits all the elements of an offense. And this Court has made clear in the majority decision in Buckland, and then following that in the Minori case, that quantity of drugs is not an element to the offense. Judge Huggin, in a separate opinion in Buckland, suggested that that would be the better interpretation, but that was not the interpretation adopted by the majority. Unfortunately. I will make no comment on that, Your Honor. It's actually, you know, there's a hypothetical that one can give that I think would flesh this out in a similar way, which is imagine someone's charged with bank larceny, grabs a bag of money, or empties out the drawer, and it's not clear to that person how much money was involved, whether it's more or less than $1,000. If it's more than $1,000, it's a felony. If it's less than $1,000, it's a misdemeanor. The defendant wants to plead guilty, but does not know how much money he or she grabbed. And the government, for whatever reason, is not disclosing this, or hasn't disclosed it adequately. This person ought to be able to plead guilty, and then have the sentencing issue determined at sentencing. And there's no reason why it should be waived, because the government has failed to fully disclose what the amount was, and then the defendant doesn't know. Your Honor, I'll reserve the rest of my time. Thank you. All right. Thank you. Thank you, Your Honor. Your Honors, and may it please the court. My name is Michael Wong, and I represent the United States. Your Honors, our position is that when the defendant entered an open guilty plea in this matter, that plea conclusively resolved the issue of drug quantity. The fact that the defendant claimed he had no actual knowledge of the- What does that tell us that drug quantity is not an element of the offense? Your Honor, the drug quantity is not an element of the offense in the traditional sense in the pre-Bucklin world. But in a post-Bucklin world, there is no distinction between elements of the offense, sentencing factors, functional equivalence of elements. Now you're buying Judge Hugg's concurring opinion, then, aren't you? Well, Your Honor, I'm actually buying the majority opinion in Bucklin, which said that the days of semantical hair-splitting between elements of the offense and sentencing factors are over. And I submit that the only distinction the defendant is able to make between the guilty plea in this matter and other- But the majority specifically said that it was not an element of the offense, didn't they? That's correct. It is not an element of the offense. If it's not an element of the offense, then why is the guilty plea an admission of that? Because drug quantity is now something which, under Bucklin, to the extent that the drug quantity pegs the statutory maximum, it must be proved to a jury and charged in the indictment. And our position is that if the matter had gone to trial, the government would have proved, would have had to prove, in accordance with Bucklin, that the crack cocaine was done by the defendant. And because you had to prove it under Valencia, you needed an admission, right, at the least, from the defendant of the quantity, and you didn't get one here. Well, our position is we did get an admission, just as if we had submitted that in a bank robbery case, there's FDIC insurance, or that in a Hobbs Act robbery, there's infected interstate commerce. Well, let's go, counsel. Let's go back to what the defendant said, at the point of the record. What did he say here about the quantity? I don't think he admitted it. Show us one that transcripts he admits it. You know, I would direct the court to the excerpt of record 111. 111? Okay. I'm sorry, 109. Before that, the government proffered that it would be able to prove at trial that the amount of crack cocaine possessed was more than 50 grams. The court asked the defendant if he disagreed. The defendant said, what she said is right, but as far as me knowing, I didn't have no ability, what was in there, I knew, I assumed it was something, but as far as how much it weighed or anything, I knew nothing about it. So that's an admission? He disclaimed actual knowledge. Is that an admission? Sorry? Is that an admission that the quantity is correct? The position of the United States and the position the district court took was that the plea itself constituted an admission. And that's a whole different deal. So if the plea itself you're relying on, that's one thing. If you're relying on something that's in the transcript where he actually admitted it, I don't see that you produced anything on that. Our position is that the plea constituted the admission and this was not enough to raise a dispute which destroyed the factual basis. You said I know nothing about the weight. And even if you proffered that you could prove the weight, I mean, it doesn't show that the plaintiff is wrong. Don't you have to show knowing possession? Well, Mr. Blank himself. Don't you have to show knowing possession? We don't have to show actual knowledge if we can show reckless disregard. But there's no admission of that here, is there? There actually is, Your Honor. On page 111, Mr. Blank concedes that the jury's fault. Well, ask Mr. Blank. It's not the defendant. Well, first he concedes that it allows reckless disregard and then Mr. Blank asks the defendant whether he deliberately avoided looking in the bag. And this is on page 112. Whether he avoided, deliberately avoided looking in the bag to Well, he said I was under the impression I was being chased by the police. Were you willing to stop and count what's in there? But the factual basis was that the defendant was in reckless disregard that the substance in the bag was crack cocaine. Well, there's no question about that. It's just the amount. I think there's enough there clearly to establish that he had a reasonable basis for thinking it was a controlled substance. But I don't see anything in that you've recited so far that he was admitting as to the quantity. Well, your Honor, two responses to that. Our first response is that he doesn't have to have actual knowledge of the quantity for that to be sufficient. He doesn't have to be established in a guilty plea any more than he would have to know the fact of FDIC insurance. Had he said no, it was 49 grams or 48 grams, then under Valencia that would not have been a proper guilty plea. Here, all he said was I don't I didn't wait. I didn't know what it was. You're saying he admitted it. And I'm trying. I don't see anything in there that says that he admitted the quantity. I'm sorry. I'm being confusing, Your Honor. Our position is that by the guilty plea, that established the admission. Same as if there had been any other elements such as FDIC insurance. Counsel? Yes, Your Honor. Let me interrupt here. When we take a plea, and I've sat as a district court judge by designation occasionally, we insist that there be a predicate for all of the facts, and we won't accept the plea if, in fact, he says, well, I don't think that was drugs or I don't think that I knew. We just won't take the plea. So to say that the plea itself determines the amount, that's something that I don't think this court can accept. Well, Your Honor, under the long-standing law of the circuit beginning with the Davis case in 1971, including the Benson case, which the district court relied on, the Benson case held that we have, in the Benson case this court held, we have consistently held that a defendant's plea of guilt conclusively admits all factual allegations of the indictment. But the only thing at issue in Benson, though, was actually an element of the offense, right? It was an element of the offense in Benson, which was pre-Buckland. So if that opinion speaks to anything besides an element of the offense, it's dictum. Well, it's correct. That would be correct. But it does say all factual allegations, and there are other cases which say all material facts. These cases are not limited to elements. Counsel, you don't suggest that when the judge goes through the process of making sure that the defendant acknowledges each of the elements, what you're saying is, if he says, I want to plead guilty because I'm afraid that I'm going to get 50 years instead of 20, that that's enough. It isn't enough. You have to make sure that each he's pleading to each of the elements. And here, we've got this funny deal, which it's not really an element, but it's something that         I agree with you. I agree with you. I agree with you. I agree with you. I agree with you. I agree with you. I agree with you. I agree with you. I agree with you. We agree with the quantity. Your Honor, our position is that if a defendant wants to enter an open plea, he must admit to and not necessarily claim knowledge of, but admit to every element of that plea. Well, you heard my question to Mr. Blank at the outset. Should the judge have taken the plea? I believe that the district court proceeded, as the record shows, very carefully and very prudently to try to steer her way through the rocky shoals of Appreny and Buckland, which is, as all parties acknowledge, is a changing, a constantly changing field of law. But I do submit that the plea was adequate. Yes, there, if, in the 2020 vision of hindsight, she might have pinned down the drug quantity more, but we submit that. The defendant saying that he didn't know exactly, he didn't weigh what was in the bag was not enough to destroy the conclusiveness of that element, just as if we, the case that the defendant had proceeded to trial, the United States would not have relied on an admission of the defendant to establish that element. Many elements in these cases are not subject to discretion. You keep mentioning element. Yes, Your Honor. In pleading, it's pleading to every element of the crime. This isn't an element. Your Honor, it is an element in the sense that it has to be proved at trial and it has to be     factor. It's proved as a sentencing factor. It's proved as a sentencing factor. It's proved as a sentencing factor. It's proved as a sentencing factor. But it's not an element of the crime. That's what Buckland said. Contrary to Judge Hugg's concurrence, the majority said it's not an element. It's, again, it's not an element in a traditional sense. But if this Court were to amend... What do you mean, traditional sense? It's either an element or it     an element, then it is an element. If the jury were to deem it not to be an element, then it is an element. If the jury were to say... If they were to hang on the quantity or the drug type, what would we then have? We wouldn't have anything. A plea? This would be a plea to what? This would just be some sort of generic plea to nothing? That's the sort of situation that the district court wanted to avoid. And I would submit that's not the... No. The plea was to the elements of   But he made, as clear as I could see it, that he didn't agree with the crime. And the district court said, well, you know, it's a quantity, which is not an element. You know, he didn't disagree with the quantity. He just said he didn't have actual knowledge. So he didn't agree that it had over 50 grams. He did not disagree with that. Well, he didn't agree with it. He never said that the... I had 49 grams or 25 grams. He just said, I didn't know      The jury. The jury. The jury. The jury. The jury. The jury. The jury. The jury. The jury. The jury. The jury. The government has the burden of proving it beyond a reasonable doubt. And by... And by the defendant entering his guilty plea, that... By the defendant saying, I don't know, the government hasn't established that burden, has it? I believe that it has. By making the proffer that if the judge asked the government, what would you prepare to prove if this case went to trial? The government said, we would      I don't know. I don't know. I don't know. I don't know. I don't know. I don't know. I don't know. I don't know.      didn't say that it would be incorrect. 50 grand, so it's in fact 77.86 grand. That defendant didn't say that would be incorrect. I dispute that. He just said, I didn't have any knowledge of it. Which is like saying, well, my position wasn't going, but we're going... We're covering... I think we understand your position. You're way over your time, all right? Thank you, Your Honor. Thank you. You want a brief rebuttal, Mr. Mike? Yes. Unless the court has any questions, I'll submit. No. Any questions? Thank you very much, Your Honor. No? All right. This case is submitted for a decision. We thank both counsel for your vigorous argument. Next case on the argument calendar is U.S. versus Francione.
judges: Hug, B Fletcher, Tashima